IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GAVINO P. NORIEGA, JR.,

    Plaintiff,

v.                                                                                                CV 11-0091 WPL/WDS

HOME DEPOT, a corporation doing
business in the State of New Mexico,

    Defendant.

**ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT**

This matter is before me on Defendant Home Depot's Motion for a More Definite Statement. (Doc. 5.) Home Depot argues that although the complaint of Gavino Noriega, Jr. ("Noriega") contains three pages of factual allegations, it does not state what specific claim(s) Noriega is asserting against Home Depot or plead elements of any claims. (*Id.*) Thus, Home Depot asserts that the complaint is "so vague that [it] cannot file a responsive pleading," and it asks me to order Noriega to amend his complaint. (*Id.*)

As a *pro se* litigant, Noriega's pleadings are "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleadings requirements." *Id.* Despite this leniency, however, a litigant's "*pro se* status does not excuse the

1

obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("[P]ro se parties [must] follow the same rules of procedure that govern other litigants.")). One such requirement is that complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

When a pleading to which a responsive pleading is allowed is "so vague or ambiguous that [a] party cannot reasonably prepare a response," the party may file a Motion for a More Definite Statement. FED. R. CIV. P. 12(e). However, such motions are "disfavored in light of the liberal discovery provided under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155-56 (D. Kan. 2004) (citation omitted). The Tenth Circuit has recently reaffirmed that in order to meet with pleading standards, a statement "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 (2007)). In line with this liberal standard, courts have held that motions for a more definite statement should be granted only if "a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Synagro-WWT, Inc. v. Rush Twp., Pennsylvania*, 204 F. Supp. 2d 827, 849 (M. D. Pa. 2002) (citation omitted); *see also S.E.C. v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M. D. Fla. 2000) ("The basis for granting a motion for more definite statement is unintelligibility, not lack of detail . . . ."). Courts have also found that such motions should be denied as long as the allegations in a complaint are "sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Peterson*, 314 F. Supp. 2d at 1156 (citation omitted); *see also S.E.C.*, 196 F.R.D. at 699 ("[A]s long

as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient."); *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N. D. Cal. 1999) (same).

Here, Noriega has alleged numerous specific factual allegations regarding an altercation that occurred when he tried to return damaged merchandise to Home Depot for credit. Noriega describes a dispute over his receipt and a subsequent confrontation where he was forced to leave the store. (Doc. 1, Ex. 1 at 6-8.) Although Noriega does not state precise legal claims, he does say that he believes Home Depot is liable for a list of consequences, including: "Plaintiff [sic] character was defamed"; "Plaintiff was embarrassed in front of other employees and customers"; "Plaintiff was caused stress"; "Plaintiff was caused bodily harm"; and "Your Manager kept Plaintiff's merchandise, Plaintiff still does not have his merchandise . . . ." (*Id.* at 8.) The complaint also demands monetary and injunctive relief. (*Id.*)

Noriega's complaint provides ample factual allegations that allow for a response and put Home Depot on notice of the basis of Noriega's claims. The allegations are broken apart and easy to follow - quite the opposite of unintelligible. The issues that require a response are readily apparent, and Home Depot must admit or deny the allegations in an answer.

IT IS THEREFORE ORDERED that Home Depot's Motion for a More Definite Statement is denied.

                                                       _____
                                                       William P. Lynch
                                                       United States Magistrate Judge