IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GAVINO P. NORIEGA,

    Plaintiff,

v.                                                11-CV-0091  WPL/WDS

HOME DEPOT, USA, Inc.,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS**

Defendant Home Depot U.S.A., Inc. ("Home Depot") filed a motion for summary judgment pursuant Rule 56 of the Federal Rules of Civil Procedure on August 8, 2011. (Doc. 23.) Plaintiff Gavino Noriega, acting *pro se*, did not file a response to Home Depot's motion. After carefully reviewing the brief in support of this motion and the supporting documentation, I convert the motion for summary judgment into a motion for judgment on the pleadings for failure to state a claim, and I grant in part and deny in party the motion for judgment on the pleadings.

**STANDARD OF REVIEW**

**I.    Conversion to a Motion for Judgment on the Pleadings**

Home Depot's motion for summary judgment is functionally a motion for judgment on the pleadings for failure to state a claim. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Unlike Rule 56, Rule 12 (c) allows either party to move for a judgment based on the pleadings and exhibits attached to the complaint, including for the failure to state a claim on which relief can

be granted. FED. R. CIV. P. 12(c) & (h)(2).

When the parties move to dismiss the case but present matters outside of the pleadings to the court, then, under Rule 12(d), the parties or the court may convert the motion to dismiss or the motion for a judgment on the pleadings into a motion for summary judgment. FED. RULE. CIV. P. 12(d). While the Federal Rules of Civil Procedure do not provide for "reverse conversion," logic and several sister courts support this notion. The Second Circuit has clarified that "[w]hen appropriate, a trial judge may dismiss for failure to state a cause of action upon a motion for summary judgment." *Schwartz v. Compagnie General Trasatlantique*, 405 F.2d 270, 273 (2d Cir. 1968). *See also Katz v. Molic*, 128 F.R.D. 35, 38 (S.D.N.Y. 1989). The court does not need to provide notice to the parties of this conversion to a motion to dismiss since notice will not change the documentation that the parties submit to the court. *Katz*, 128 F.R.D. at 38.

Conversion to a motion for judgment on the pleadings is appropriate here. Home Depot filed a motion for summary judgment alleging that the Plaintiff has failed to assert a legal cause of action in his complaint. (Doc. 23 at 2.) Home Depot exclusively relies on Noriega's amended complaint and attached exhibits as support for its motion for summary judgment. (Doc. 23 at 2; Doc. 23 Ex. A.) Since the motion does not rely on any extrinsic materials, and it is based on the pleadings alone, I find that the motion is improperly presented to the court as one for summary judgment. Thus, I will analyze Home Depot's motion as one for judgment on the pleadings.

## II.     Failure to State a Claim

A motion for judgment on the pleadings for failure to state a claim is reviewed under the same standard as a motion to dismiss for failure to state a claim. *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[W]e review a dismissal on the pleadings pursuant to FED. R. CIV. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal."); *Mock v. T.G. & Y. Sorres Co.*, 971

F.2d 522, 528 (10th Cir. 1992). Rule 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. In considering motions for failure to state a claim, courts must look within the four corners of the complaint, accept all well-pleaded factual allegations as true, and determine if the plaintiff is plausibly entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). Without weighing the evidence, the court must evaluate whether it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). To do this, the court must take all well-pleaded factual allegations as true, and it must make all reasonable inferences from the pleadings in favor of the non-moving party. *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

While the complaint need not include "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The factual allegations must also suffice to "inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248. The degree of specificity required depends on the nature of the complaint, but generally the complaint must specify the time, place, and person involved in the matter at issue. *Id.* (citations omitted).

### III.    Considerations for *Pro Se* Litigants

When one of the litigants is *pro se,* the pleadings are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2001) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). A *pro se* litigant's case cannot "be dismissed

on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue." *Erickson,* 551 U.S. at 94.

The court has wide latitude when approaching the allegations contained in a complaint, as the plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleadings requirements." *Hall*, 935 F.2d at 1111 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This direction allows courts to discern legal causes of action based on the alleged facts even when the *pro se* litigant has not properly labeled or asserted a recognized cause of action. *See generally United States v. Bell*, No. 11-6080, 2011 U.S. App. LEXIS 17647, at *3-5 (10th Cir. Aug. 24, 2011) (discerns eleven separate claims from Defendant-Appellant's four stated grounds for relief); *Stanko v. Davis*, 297 F. App'x 746, 749 (10th Cir. 2008) (unpublished) (interpreting two poorly written paragraphs in complaint describing "various acts" and alleging broad constitutional claims as sufficient); *Creamer v. Ellis County Sheriff Department,* No. 08-4126-JAR, 2009 U.S. Dist. LEXIS 55665, at *4-5 (D. Kan. June 29, 2009) (identifies three statutory claims from a complaint, which consisted of a chart outlining alleged incidents and lacked proper punctuation and complete sentences).

With this authority in mind, I evaluate claims in this *pro se* complaint that are mislabeled or even go unnamed when considering Home Depot's motion for judgment on the pleadings.

### FACTUAL & PROCEDURAL BACKGROUND

Noriega filed this action after an incident involving his purchase of patio stones for a home improvement project. (Doc. 9 at 1-2.) On January 24, 2008, he went to a Home Depot in

Albuquerque to return the pallet and exchange five broken stones. (*Id.* at 2, 4-5.) According to Noriega, this store is frequented by mostly "non-minorities." (*Id.* at 1.) While at the store, an employee claiming to be a manager approached him and asked to see his the receipt for the new, exchanged stones. (*Id.* at 2.) Noriega presented the receipt, but the manager insisted it was invalid. (*Id.*) Noriega then pointed to the counter at the five stones he had just returned. (*Id.*) The manager refused to believe him, and he took the stones, accused him of stealing, and threatened to call the police. Noriega encouraged the manager to call the police and to speak to the clerk who processed the transaction; instead, the manager expelled him from the store. (*Id.*) Once in the parking lot, the manager took down Noriega's license plate number and called him "degrading names." (*Id.*)

On his way home, Noriega felt chest pains and began sweating. (*Id.*) Noriega has a history of heart problems and underwent heart surgery prior to this incident. (*Id.* at 30.) He took three "nitro tablets" on his drive home, and once he arrived home, he went to the Heart Hospital of the New Mexico Emergency Room. (*Id.* at 2.) At the hospital he was seen for his chest pain and released after five or six hours, once he was stable. (*Id.*)

The next day, Noriega contacted Home Depot to file a complaint. (*Id.* at 3.) Home Depot eventually responded with an offer of $500.00. (*Id.*) Noriega refused the offer, and brought this suit, which brings six counts for relief[1] and requests $253,028 in damages.

Home Depot removed the suit to federal court (Doc.1) and then moved for a more definite statement on February 2, 2011 (Doc. 5). I denied its motion on the ground that the complaint provided "ample factual allegations that allow for a response and put Home Depot on notice of the

---

[1] Plaintiff provides eight separate bases for liability in his complaint, in addition to the three in the title of the amended complaint. (Doc. 9 at 1, 3.) Since the litigant is *pro se* and cannot be expected to know precise legal terms, I have interpreted his complaint to contain six separate claims.

basis of Noriega's claims." (Doc.7 at 3.)

## DISCUSSION

To survive a motion for judgment on the pleadings, Noriega's complaint must contain factual allegations which can plausibly substantiate his claims for relief. Noriega has alleged several theories of liability against Home Depot. Home Depot's motion for judgment on the pleadings focuses only on the heading of Noriega's complaint, and it asserts that Noriega inadequately raised only three theories of liability: negligence, racial profiling, and failure to provide purchased items to customer. (Doc. 23 at 2-3.) This over simplification of the allegations in the complaint ignores my earlier order denying a motion for a more definite statement, in which I found that the factual allegations in the complaint and the list of bases for liability at its conclusion put the defendant on notice of the claims at issue. (Doc. 7 at 3.)

As before, I have reviewed the complaint as a whole, including the facts, the list of allegations, and the title of the complaint to discern possible legal claims. From this, I have identified six causes of action: negligence, discrimination, trespass to chattels or conversion, defamation, intentional infliction of emotional distress, and false imprisonment. I find that Noriega has sufficiently pled facts for trespass to chattels or conversion, defamation, and intentional infliction of emotional distress.

### I.     Negligence

Plaintiff explicitly raises negligence in the title of his complaint. (Doc. 9 at 1.) To prove negligence, Noriega must establish that Home Depot owed him a duty of care, that it breached its duty of care, that the breach was the legal and actual case of harm to Noriega, and that he suffered damages. *Tafoya v. Seay Bros. Corp.*, 890 P.2d 803, 805 (N.M. 1995) (citing *Lopez v. Maez*, 651 P.2d 1269, 1274 (N.M. 1982)). Noriega's complaint has neither alleged that Home Depot owed him

6

a duty of care, nor that Home Depot breached that duty. Therefore, I grant Home Depot's motion on this cause of action.

## II.     Racial Discrimination

Home Depot is correct that "racial profiling" is not a recognized cause of action. (Doc. 23 at 3, 5). However, its close companion, racial discrimination, is. Federal and state law make it unlawful for a place of public accommodation to discriminate against its patrons on the basis of race. *See* 42 U.S.C. § 2000a(a) (2006); N.M. STAT. ANN § 28-1-7(f) (2011). A place of public accommodation, as defined by federal law, includes establishments which provide lodging, such as hotels, dining facilities, place of entertainment, such as a theater, or any establishment located on the premises of the listed venues. 42 U.S.C. § 2000a(b). New Mexican law is somewhat broader, defining a place of public accommodation as "any establishment that provides or offers its services, facilities, accommodations or *goods* to the public . . . ." N.M. STAT. ANN. § 28-1-2 (h) (2011). However, by state statute, an individual does not have a private cause of action for discrimination; rather, the victims of discrimination may file a complaint with the human rights division of the labor department within three hundred days of the incident. N.M. STAT. ANN. § 28-1-10(a) (2011).

Based on the complaint, Home Depot sells landscaping items, which does not qualify the store as a place of public accommodation as a matter of federal law. (Doc. 7 at 1.) Additionally, state law does not provide Noriega a cause of action. While racial discrimination against a customer may not be prudent for a host of business reasons, in this circumstance, even if true, it is not actionable.

## III.    Trespass to Chattels or Conversion

Noriega clearly alleges that he paid for five stones, which Home Depot took from him on January 24, 2008, and has not returned them. (Doc. 9 at 1-2.) Although Noriega does not employ either term, this appears to be trespass to chattels or conversion. Trespass to chattels is the

"intentional use or interference with a chattel which is in the possession of another, without justification." *Texas-New Mexico Pipeline Co. v. Allstate Constr.*, 369 P.2d 401, 402 (N.M. 1962). Conversion is a related tort, in which the interference with the chattel is so serious that the actor may be required to pay the full value of the chattel. RESTATEMENT (SECOND) OF TORTS § 222A (1965). Not only has Noriega alleged facts to make these claims plausible, he has included receipts from that day which show he exchanged five patio stones. (Doc. 23 Ex. A at 6-7.) Noriega has pled facts sufficient to establish an action for trespass to chattels or conversion.

### IV. Defamation

Noriega explicitly states that he was "defamed" twice in his complaint. (Doc. 9 at 2, 3.) Home Depot appears to have missed this cause of action in its motion, and it has offered no argument as to why his defamation claim is insufficient. (Doc. 23.)

A prima facie case for defamation requires a showing of "a defamatory communication, published by the defendant, to a third person, of an asserted fact, of and concerning the plaintiff, and proximately causing actual injury to the plaintiff." *Newberry v. Allied Stores*, 773 P.2d 1231, 1236 (N.M. 1989). A statement is defamatory *per se* in five circumstances, including when the statement plainly implies that the plaintiff has committed some criminal offense involving "moral turpitude." *Id.* The defamatory statement must be negligently "published," or communicated, to a person other than the one actually defamed. *Id.*; RESTATEMENT (SECOND) OF TORTS §577 (1977). The communication must cause the plaintiff actual damages, which may "include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Newberry,* 773 P.2d at 1236.

Noriega's complaint meets the requirements of defamation. First, Noriega states that "he was accused of stealing." (Doc. 9 at 2.) Theft is a crime of moral turpitude, and so the allegation that the

employee made statement to that effect would constitute defamation *per se. Jordan v. De George*, 341 U.S. 223, 234 (U.S. 1951) (stealing is a crime of moral turpitude); *Farrell-Murray v. I.N.S.*, No. 92-9549, 1993 U.S. App. LEXIS 10085 (10th Cir. Apr. 28, 1993) (unpublished) (same). Second, Noriega alleges that he was embarrassed and upset, and these emotions manifested as heart problems. (Doc. 9 at 2, 3.) Third, there are facts to show that the manager was at minimum negligent; he ignored Noriega's receipts, his suggestion that the manager speak with the clerk, and his openness to call the police. (*Id.*) The only missing element in Noriega's defamation claim is that the manager's statements were published to someone other than Noriega. I am obliged to make reasonable inferences, and while Noriega does not directly state that the statement was published to a third party, it is reasonable to infer that it was. The incident occurred shortly after 11:00 a.m. on a Thursday morning in a store open to the public in New Mexico's largest city. (Doc. 9 at 2; Doc. 23 Ex. A at 7). It is highly plausible that another customer or a clerk would overhear this confrontation, especially since the incident took place near the exit of the store and carried on into the parking lot. (Doc. 9 at 2.) Thus, the element of publication is also met. I find that Noriega has alleged facts sufficient for defamation.

### V.     Intentional Infliction of Emotional Distress

Throughout his complaint, Noriega recounts his emotional distress and embarrassment over the incident at the store, which he alleges resulted in his heart problems. (Doc. 9 at 2, 3.) He states that the employee embarrassed and upset him, called him degrading names, and "ran him off." (Doc. 9 at 2.) These facts support a claim for intentional infliction of emotional distress ("IIED"). New Mexico relies on the Restatement (Second) of Torts for guidance on IIED claims. *See Baldonando v. El Paso Natural Gas Co.,* 176 P.3d 277, 282 (N.M. 2007). This requires that the plaintiff establish that the defendant engaged in "extreme and outrageous conduct" that is reckless or intentional and

that causes severe emotional distress. RESTATEMENT (SECOND) OF TORTS § 46 (1965). The conduct must extend beyond insults, indignities, and threats to be considered outrageous. *Stock v. Grantham,* 964 P.2d 125, 135-136 (N.M. Ct. App. 1998) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)). The complaint, read in the light most favorable to Noriega, describes how the manager berated him in the store and followed him to his car, calling him "degrading" names motivated by his race[2]. (Doc. 9 at 2) This plausibly extends beyond mere insults and is sufficient to support outrageous conduct. Additionally, while Noriega does not allege the specific mental state of the employee, again, I may draw reasonable inferences from the facts. Here, the manager's conduct suggests the requisite intent. Noriega states that despite showing valid receipts to the employee and even welcoming the suggestion that the police come to the store, the manager continued to degrade him and force him to leave. (*Id.*) Thus, Noriega has alleged sufficient facts at this stage to assert IIED.

### VI.     False Imprisonment

Noriega does not mention false imprisonment or confinement in his complaint, but Home Depot raises a shopkeeper's privilege defense in its answer, prompting me to address the feasibility of this cause of action. (Doc. 11 at 3, ¶ 21 (citing N.M. STAT. ANN. § 30-16-23 (1978) (merchants may detain customers if they have probable cause to believe they have stolen an item )).) New Mexico defines false imprisonment as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." N.M. STAT. ANN. § 30-4-3 (2011). There are no facts demonstrating that Noriega was restrained or confined in any way, aside from the initial request to see his receipt. In fact, it appears that the manager wanted Noriega to

---

[2] The title of the compliant alleges "racial profiling" and the emphasis on the racial demographics of the store in the complaint leave me to infer that race was a factor in this incident.

leave, and this undermines any claim of false imprisonment. (Doc. 9 at 2 ("[H]e told the Plaintiff to 'Get out of his store'" and "the manager ran the Plaintiff off.").)

## CONCLUSION

I cannot fault a *pro se* litigant for not having a law degree, and I will not punish him for failing to use legal terms of art. After reviewing the pleadings, I find that Noriega has properly alleged sufficient facts to support trespass to chattels or conversion, defamation, and IIED. The complaint does not support negligence, discrimination, and false imprisonment. I therefore GRANT Home Depot's motion for judgment on the pleadings in part and DENY the motion in part, as described above.

IT IS SO ORDERED.

                                                                                                   _____
                                                                                                   William P. Lynch
                                                                                                   United States Magistrate Judge